Ex parte TOM YUEN.

(District Court, N. D. California, First Division.　December 13, 1915.)

No. 15933.

1. ALIENS ☞32(1)—DEPORTATION OF CHINESE—RIGHT TO JUDICIAL HEARING.
　　A Chinese laborer could not be deported, except after a hearing before
　a commissioner, with the right of appeal to the District Court, unless he
　had entered the United States within three years of the hearing.
　　[Ed. Note.—For other cases, see Aliens, Dec. Dig. ☞32(1).]

2. ALIENS ☞32(6)—DEPORTATION OF CHINESE—EVIDENCE OF ENTRY WITHIN
　THREE YEARS.
　　In a proceeding to deport a Chinese laborer, who had been in the coun-
　try for years, and registered and received a certificate of residence in
　1894 the fact that he was in Mexico within three years, and must have
　entered the country within that time, necessary to give jurisdiction to
　the immigration authorities, could not be proved by the ex parte state-
　ments of witnesses who based their statements upon photographs, and
　were never confronted by the alien sought to be deported.
　　[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig.
　☞32(6).]

Application by Tom Yuen for a writ of habeas corpus.　On demur-
rer to the petition.　Demurrer overruled, and writ issued.

John L. McNab and Timothy Healy, both of San Francisco, Cal.,
for petitioner.

John W. Preston, U. S. Atty., and Caspar A. Ornbaum, Asst. U.
S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge.　Petitioner is a Chinese laborer, who
has been in this country for many years.　He was registered in New
York on March 2, 1894, and at that time received a Chinese laborer's
certificate of residence, which he had in his possession at the time
of the hearing which led to the order of deportation that he is contest-
ing in this proceeding.　He has had no hearing before a commissioner
or court.

[1]　The proceedings leading to the order for his deportation were
had before an immigration inspector, on the theory that some time
in December, 1914, and January, 1915, he was in Juarez, Mexico, and
that therefore he must have entered this country within three years.
To establish that fact the statement of one Acosta is relied upon.
Acosta, who is a police officer in Juarez, Mexico, in an ex parte state-
ment before an inspector in El Paso, declared that he recognized a
photograph shown him as that of a Chinese whom he had seen in
Juarez in the latter part of December, 1914, and the early part of Jan-
uary, 1915.　The photograph shown him is a photograph of petitioner.
Unless petitioner has entered the United States within three years
of the date of the hearing, he may not be deported, except after a
hearing before a commissioner, with the right of appeal to the court.

[2]　I have had occasion to hold before this that the fact which
gives jurisdiction to the immigration officers to hear and determine

these matters—that is, entry into the United States within three years —cannot be established by ex parte statements of witnesses in Mexico, who base their statements upon photographs, and are never confronted by the alien sought to be deported. In the absence of fair proof of such entry within three years, the only tribunals that can order the deportation of a Chinese laborer are the commissioners and the courts. I think the right of a laborer who has been long in this country to remain here is too important a right to be taken from him upon the ex parte statement of a resident of a foreign country who is never produced before him.

The demurrer to the petition will be overruled, and the writ will issue, returnable December 18, 1915, at 10 o'clock a. m.